UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DANNY HAMILTON, | Case No. 15-CV-4054 (PJS/HB) |
| Petitioner, | |
| v. | ORDER |
| STATE OF MINNESOTA, | |
| Respondent. | |

Danny Hamilton, pro se.

Jean E. Burdorf, HENNEPIN COUNTY ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Danny Hamilton's objection to the May 3, 2016 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends granting the motion of respondent State of Minnesota to dismiss Hamilton's habeas petition. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with the R&R's conclusions and adopts the R&R, except insofar as it is inconsistent with this order.

As the R&R explains, a defendant convicted of a crime in state court has one year to file a federal habeas petition; that year begins to run when the defendant's conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). If the defendant collaterally attacks his

conviction in state court, the federal statute of limitations is tolled while the state proceeding is pending. *See* 28 U.S.C. § 2244(d)(2).

Judge Bowbeer recommends dismissing Hamilton's habeas petition as time-barred. The Court agrees that Hamilton's petition must be dismissed because he did not file it within 365 "countable" days after his state conviction became final. The Court's calculation differs slightly from Judge Bowbeer's, however. Judge Bowbeer found that Hamilton missed the deadline by 111 days, while the Court finds that Hamilton missed the deadline by 114 days.

The Court's calculation is as follows:

Hamilton's conviction became final when his time to seek review from the United States Supreme Court expired on June 26, 2012. *See* ECF No. 8 at 20; *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012). The one-year clock started ticking the next day and continued ticking for 251 days until Hamilton filed his first petition for post-conviction review in state court on March 4, 2013. *See* ECF No. 8 at 5; Fed. R. Civ. P. 6(a)(1) (rule for computing time). The clock then paused until that proceeding concluded with the dismissal of Hamilton's appeal on December 13, 2013. ECF No. 8 at 34. The clock started ticking again the next day and continued ticking for 87 days until Hamilton filed his second petition for post-conviction review in state court on March 10, 2014. ECF No. 8 at 4. The clock then paused until that proceeding concluded

with the entry of judgment against Hamilton by the Minnesota Supreme Court on June 15, 2015. ECF No. 8 at 3. The clock started ticking again the next day and continued ticking for 141 days until Hamilton placed his federal habeas petition in the prison mail system on November 3, 2015. ECF No. 1 at 17.

Adding these periods together, the Court finds that 479 countable days passed between when Hamilton's state conviction became final and when Hamilton filed his federal habeas petition. Because Hamilton filed his habeas petition 114 days after the 365-day statute of limitations expired, Hamilton's petition is dismissed as untimely.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 23] and ADOPTS the R&R [ECF No. 20] insofar as it is consistent with this order. Accordingly, IT IS HEREBY ORDERED THAT:

1. Respondent's motion to dismiss [ECF No. 6] is GRANTED.

2. Petitioner's petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody [ECF No. 1] is DISMISSED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  August 8, 2016                                        s/Patrick J. Schiltz
                                                                     Patrick J. Schiltz
                                                                     United States District Judge